UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE DELGADO, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>-against-<br><br>KEY FOOD STORES CO-OPERATIVE, INC, and SAL BONAVITA, individually,<br><br>*Defendant.* | CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Civil Action No.: |

Plaintiff, JOSE DELGADO, ("Plaintiff"), by his counsel, Jaffe Glenn Law Group, P.A., makes the following allegations against Defendants KEY FOOD STORES CO-OPERATIVE, INC., ("Defendant Key Food"), and SAL BONAVITA, ("Bonavita"), (both Defendants collectively as "Defendants") :

## OVERVIEW OF THE ACTION

1. Plaintiffs bring this lawsuit as a collective action under the FLSA, 29 U.S.C. §§ 201, et seq. (the "Collective Claim") and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all persons similarly situated (the "Class Claim") who suffered damages as a result of Defendants' violations of the Federal Fair Labor Standards Act and of the Labor Laws of the State New York. non-exempt chemical operators who suffered damages for damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

2. Plaintiffs seek to represent current and former employees of the Defendants who worked as laborers in Defendants supermarket and were forced to clock in and out, but, were not paid for all hours for which they were clocked in; Defendants could avoid paying them proper wages in accordance with the FLSA and NYLL (hereinafter, the "laborers").

3. The Groups and classes that Plaintiffs seek to represent are:

   a. The "Federal Collective Group" that consists of all individuals who were or are employed by Defendants in the tristate area as laborers at any time from July 28, 2014, who timely opt-in to any such collective group (the "Federal Eligibility Period");

   b. The "New York Class" consists of all individuals that were employed as laborers in the State of New York at any time since July 28, 2017 (the "Class Period").

4. Defendants violated Section 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 by not paying the Federal Collective Group overtime pay for a work week longer than forty hours.

5. Defendants violated the rights of the New York Class under New York Labor Law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as follows:

   a. Defendants violated 12 NYCRR § 142-2.2 which requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given work week.

   b. Defendants violated New York Labor Law Section 193 by impermissibly deducting monies from the compensation of certain New York Class members to

2

pay for Defendants' overhead expenses.

6. As a result of Defendants' violations of the FLSA and New York labor laws, Plaintiffs and the members of the Collective Class were illegally and grossly under-compensated for their work.

## JURISDICTION AND VENUE

7. **Jurisdiction** is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper under 28 U.S.C § 1391(b)(l) because the Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Plaintiff is also a resident in this district.

9. At all times pertinent to this Complaint, the Defendant, Key Foods, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant is "one of the largest integrated silver fabricators in the world." Defendant has supermarkets in New Jersey, New York, Connecticut, and Pennsylvania. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

10. Plaintiff Delgado is an adult individual who is a resident of West New York, Hudson County, New Jersey.

11. Plaintiff Delgado was employed by Defendants full time as a non-exempt laborer, from in or about November 2016, through in or about July, 2017.

12. Upon information and belief, the Defendant, Key Foods, is headquartered in Richmond, New York.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants Key Foods, employs individuals to perform labor services on behalf of the Defendants.

14. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

15. At all times relevant to this Complaint, the Defendant Key Foods is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## CLASS AND COLLECTIVE ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

17. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

18. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

19. The putative class is so numerous that joinder of all members is impracticable.

20. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

21. The claims of the Named Plaintiff are typical of the claims of the putative class.

22. The Named Plaintiff and the putative class members were all subject to Defendant's policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendant's actions.

23. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all employees who work at the Defendant's locations.

24. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

27. Plaintiff's claims under the NYLL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

28. A class action under Rule 23 and a collective action under § 216(b) also prevent

unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTUAL ALLEGATIONS

29. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiff for all overtime hours he worked in a work week.

30. Plaintiff Delgado was paid approximately $20.00 per hour, regardless of the number of hours that he worked in a work week.

31. Plaintiff Perez worked six (6) days per week.

32. Plaintiff worked approximately forty-eight (48) hours per week.

33. Plaintiff was not compensated at time and one half for the hours that he worked over forty (40) each and every work week.

34. Upon information and belief, employees similarly situated to Plaintiff were also compensated improperly.

35. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

36. At all times material hereto, Plaintiff and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendant.

37. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NYLL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

38. The records, if any, concerning the number of hours worked by Plaintiff and all

other similarly situated employees, are in the possession and custody of Defendants.

39. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

41. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after July 28, 2014.

42. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
### Recovery of Overtime Compensation
### Pursuant to the FLSA

43. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 42 above.

44. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

45. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime lunch hours worked in a work period.

46. All similarly situated employees of the Defendant are also owed overtime pay

for each and every overtime hour they worked and were not properly paid.

47. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

48. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
### Restitution for Failure to Pay Overtime to the New York Class
### (Violation of NYCRR § 142-2.2)

49. Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

50. NYCRR § 142-2.2 closely tracks the language of Section 207 of the FLSA.

51. Plaintiffs and all other members of the New York Class employed by Defendants during the Class Period regularly worked more than 40 hours per week, and were not paid at time and one half.

52. The compensation that Plaintiff and the other members of the New York Class received are "wages" within the meaning of New York Labor Law § 190(1) and, therefore, subject to the overtime pay requirements of New York Labor Law § 193.

53. A defendant bears the burden of proving that its employees fall within an exemption enumerated in 12 NYCRR § 142-2.14.

54. Because the provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and thus, the absence of one of the requirements for the exemption ends the inquiry.

55. There are no exemptions potentially applicable to Plaintiff and members of the

New York Class.

56. As a result of Defendants' failure to pay overtime, Plaintiff and the members of the New York Class were damaged in an amount to be proven at trial.

57. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after July 28, 2011.

58. Therefore, Plaintiff demands that he and the members of the New York Class be paid overtime compensation as required by New York Labor Law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

### COUNT III
### Violation of The Notice and Recordkeeping Requirements
### (New York Labor Law § 195)

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants failed to provide Plaintiff, and the other members of the New York Class, with a written notice of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

61. Defendants are liable to Plaintiff and the other members of the New York Class in an amount to be proven at trial, plus attorney's fees as provided by law.

### COUNT IV
### Violation of The Wage Statement Provisions
### (New York Labor Law § 195)

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants failed to provide Plaintiff, and the other members of the New York Class, with a statement of wages with each payment of wages as required by NYLL §195(3).

64. Defendants are liable to Plaintiff and the other members of the New York Class in an amount to be proven at trial, plus attorney's fees as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all others similarly situated persons, pray for the following relief:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to Fed. R. Civ. P. Rule 23 for the purposes of the claims brought on behalf of Class members;

D. An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

E. An order declaring that Defendants' violations of the FLSA were willful;

F. An order declaring that Defendants violated the NYLL in the manners stated in this complaint;

G. An order declaring that Defendants' violations of the NYLL were willful;

H. An award of overtime compensation under the FLSA and NYLL;

I. An award for Defendants' violations of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

J. An award of liquidated damages pursuant to the FLSA;

K. An award of damages for violations of NYLL;

L. All penalties available under the applicable laws;

M. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

N. Interest as provided by law; and

O. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 7, 2017

                                            Jodi J. Jaffe_____
                                            By: Jodi J. Jaffe, Esq.
                                            NY Bar No.: JJ8034
                                            Jaffe Glenn Law Group, P.A.
                                            301 N. Harrison Street, Suite 9F, #306
                                            Princeton, New Jersey 08540
                                            New York Bar No.: JJ8034
                                            JJaffe@JaffeGlenn.com
                                            *Attorneys for Plaintiff*